IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | No. 18 CV 01779 |
| Plaintiff-Counter-defendant | ) | |
| | ) | Judge Robert M. Dow Jr. |
| Vs. | ) | |
| | ) | Magistrate Judge Young B. Kim |
| TARIQ ALI | ) | |
| | ) | |
| Defendant-Counterclaimant | ) | |
| Vs. | ) | |
| | ) | |
| BLITT AND GAINES, P.C., | ) | |
| | ) | |
| Third party Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, CAPITAL ONE BANK (USA), N.A., by and through its Attorneys, Blitt & Gaines, P.C., in support of its Motion to Remand states as follows:

**FACTS**

Plaintiff filed its Complaint to collect monies due and owing on a delinquent charge account in the Circuit Court of Cook County, Illinois on or about December 8, 2017. See Ex. A.

Defendant waived service on January 17, 2018. See Ex. B.

Defendant filed an Appearance and a Motion to Dismiss on January 29, 2018. See Ex. C.

On February 21, 2018, Defendant's Motion to Dismiss was denied and the matter was set for trial. See Ex. D.

On March 12, 2018, Defendant filed a Notice of Removal.

## LAW

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.*

## ARGUMENT

Defendant's removal of this action was improper. The Notice of Removal was defective because it was not timely, it did not include a "copy of all process, pleadings, and orders served upon such defendant," and there is no basis for federal jurisdiction. Plaintiff's Complaint is seeking less than nine-thousand dollars in damages under an ordinary state law breach of contract theory and it is well established that a lawsuit does not become removable merely by asserting a federal counterclaim. Therefore, this matter should be remanded to State court.

I. **THE NOTICE OF REMOVAL WAS DEFECTIVE**

    A. **The Notice of Removal was not timely filed.**

The Notice of Removal was not effective because it was not timely. The notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). The thirty day requirement is jurisdictional and cannot be waived. *Sauer-Danfoss Inc. v. Hansen*, No. 04 C 3145, 2004 U.S. Dist. LEXIS 12897, *4 (N.D. Ill. July 8, 2004). As with all potential jurisdictional defects, the burden of proof rests with the party seeking to establish federal jurisdiction; in the case of removal, that is the defendant. *Id.*

Defendant did not remove this action within 30 days of service. Defendant filed waived service on January 17, 2018 and filed a formal Appearance and a Motion to Dismiss on January

29, 2018. As a result, Defendant's time to remove this matter lapsed on February 16, 2018. The Notice of Removal was filed on March 12, 2018, fifty-four days after Defendant appeared in court and waived service. The removal was not timely and was therefore ineffective.

    **B.    The Notice of Removal Did Not Include A Copy of All Process, Pleadings, and Orders Served Upon The Defendant.**

Additionally, the Notice of Removal is defective because it did not include a copy of all process, pleadings, and orders served upon the Defendant in the state court lawsuit. Pursuant to 28 USCA § 1446(a), "a copy of all process, pleadings, and orders served upon such defendant" shall be filed with the notice of removal. The failure to attach such documents is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction. *Riehl v. National Mut. Ins. Co.,* 374 F.2d 739 (7th Cir.1967). However, here, Defendant failed show the basis for jurisdiction because it failed to attach a copy of Plaintiff's Complaint or any document which shows the alleged jurisdictional basis for removal. The failure of the Defendant to attach sufficient documents to the Notice of Removal renders the Notice defective.

    **C.    There is no basis for federal jurisdiction.**

There is no basis for federal jurisdiction that would make removal proper. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Defendant asserts that removal is proper on federal question grounds, namely, that Defendant's Counterclaim and Third-Party Complaint is based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. However, it is well established that removal is proper only if the plaintiff's complaint could fall within the

district court's original jurisdiction at the time of the removal and suits do not become removable, merely by the assertion of a federal counterclaim. *Shannon v. Shannon,* 965 F.2d 542, 545 (7th Cir.1992) (citing *Federal Deposit Insurance Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986)) (citations omitted).

Plaintiff's Complaint does not present a federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal question jurisdiction exists if it is raised in a plaintiff's well-pleaded complaint. *Thigpen v. Ill. Bell Telephone Co.*, No. 10 C 5589, 2010 U.S. Dist. LEXIS 134979, *6 (N.D. Ill. Dec. 21, 2010) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)). In this case, Plaintiff's lawsuit is a conventional breach of contract action. It does not raise a federal question, and removal could not have been attained on those grounds.

Additionally, this action was never removable on diversity grounds because Plaintiff filed it in the Circuit Court of Cook County, Illinois, Defendant's home state. A civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if *any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2) (emphasis added). The purpose of diversity jurisdiction is to protect out-of-state litigants from any fear that they may suffer prejudice when litigating in their opponent's home state. *Silberman v. Worden*, No. 87 C 8368, 1988 U.S. Dist. LEXIS 10455, *15 (N.D. Ill. Sept. 13, 1988). In this case, Defendant provided his address of record as 15641 Kenwood Ave., South Holland, Illinois 60473. Therefore, removal was not appropriate under diversity jurisdiction under the forum defendant rule.

## **CONCLUSION**

Defendant failed to effect removal of this action. The Notice of Removal was

procedurally defective because it did not disclose the basis for federal jurisdiction; it was untimely filed because it was filed fifty-four days after Defendant was waived service. Furthermore, the removal was defective because no grounds exist for federal jurisdiction. The removal was improper, and this case should be remanded to State court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court remand these proceedings to State court, and for any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: s/<u>Michael L. Starzec</u>
Michael L. Starzec

Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
(312)920-0625
MikeStarzec@BlittandGaines.com